# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 24, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| KRISTA M. GUT, as Administrator | * | No. 16-1284V |
| of the Estate of Jeremy D. Gut, | * | |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Reasonably Hourly Rate; Paralegal |
| AND HUMAN SERVICES, | * | Hourly Rate. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Simina Vourlis, Law Offices of Simina Vourlis, Columbus, OH, for Petitioner.
Douglas Ross, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On October 6, 2016, Krista M. Gut ("Petitioner"), on behalf of the Estate of Jeremy D. Gut, petitioned for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that, as a result of an influenza ("flu") vaccine administered on September 24, 2014, Mr. Gut developed Guillain-Barré Syndrome ("GBS") and subsequently died due to his alleged vaccine-related injury. Decision 1, ECF No. 26. On June 23, 2017, the undersigned issued a decision awarding Petitioner compensation pursuant to the parties' stipulation. *Id.*

Petitioner filed a motion for attorneys' fees and costs on July 20, 2017. Mot. Att'ys' Fees, ECF No. 30. Petitioner requested $23,005.20 in attorneys' fees and $1,347.62 in costs, for

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

a total of $24,352.82.  *See id.* at 1-2.  Petitioner averred that she incurred no personal costs in the prosecution of this case.  Pet'r's Ex. 16, ECF No. 30-9.  Respondent filed a Response on July 20, 2017.  Resp't's Resp., ECF No. 31.  Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent[,] . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs.  *Id.* at 3.  Petitioner did not file a reply.  *See* Docket Rep.

The matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorney's fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum*, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895, n.11.  The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

In *Avera*, the Federal Circuit determined that the forum of the Vaccine Act is Washington, DC.  515 F.3d at 1348.  The Federal Circuit also decided that the forum rate for attorneys' fees should generally apply in Program cases.  *Id.*  However, it created an exception pursuant to *Davis County*: where most of an attorney's work is performed outside of the forum and there is a "very significant difference" between the forum rate and the attorney's lower local rate, a court should calculate fees under the local rate.  *Id.* at 1349 (quoting *Davis Cty. Solid Waste Mgmt. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)).  A court must first determine the forum rate, then determine the local rate, and finally determine whether a "very significant difference" exists between them.  *Davis Cty.*, 169 F.3d at 758.

2

### a. Hourly Rates

Ms. Vourlis has previously been awarded forum rates, and the undersigned will apply forum rate ranges to her fee request.  *See Forde v. Sec'y of Health & Human Servs.*, No. 15-185V, 2016 WL 7670920, at *3 (Fed. Cl. Spec. Mstr. Dec. 16, 2016).

In *McCulloch*, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience.  2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  Pursuant to *McCulloch*, a forum attorney with more than 20 years of experience may be awarded $350 to $425 per hour.  *Id.*  An attorney with less than four years of experience, on the other hand, has a reasonable hourly rate between $150 and $225.  *Id.*

Ms. Vourlis requested hourly rates of $415 for work performed in 2016, and $424 for 2017.  Mot. Att'ys' Fees 1.  The undersigned previously awarded Ms. Vourlis these amounts in *Prysock v. Secretary of Health and Human Services*, and finds them reasonable.  No. 15-1024V, 2017 WL 3574796 (Fed. Cl. Spec. Mstr. July 24, 2017).  Ms. Vourlis requested a lower hourly rate for the paralegal work she performed in this case.  Mot. Att'ys' Fees 2.  Ms. Vourlis "does not employ paralegals or other support staff" and performs this work herself.  *Id.*  She consequently requested an hourly rate of $145 for her paralegal work in 2016, and $148 for her paralegal work in 2017.  *Id.*; Pet'r's Ex. 8 at 14, ECF No. 30-1.

The undersigned will reduce Ms. Vourlis' requested paralegal hourly rate.  Similar to *Prysock*, Ms. Vourlis argued for her paralegal rate by citing to *Forde v. Secretary of Health and Human Services*, No. 15-185V, 2016 WL 7670920, at *3 (Fed. Cl. Spec. Mstr. Dec. 16, 2016), and *Jones v. Secretary of Health and Human Services*, No. 13-279V, 2016 WL 7233938, at *4 (Fed. Cl. Spec. Mstr. Nov. 18, 2016).  Mot. Att'ys' Fees 2; *Prysock*, 2017 WL 3574796, at *3.  But, the special masters in the cases cited by Ms. Vourlis did not award her requested paralegal rate, and the opinions do not put forward a "reasoned explanation" for Ms. Vourlis' requested rate.  *Forde*, 2016 WL 7670920 at *3; *Jones*, 2016 WL 7233938, at *4.  The undersigned will reduce Ms. Vourlis' requested hourly paralegal rate to $135, the rate found reasonable in *Prysock*.  2017 WL 3574796, at *3.  The resulting deduction totals $132.60.

### b. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings.  515 F.3d at 1348.  Petitioner requests compensation for 50.4 hours of work performed by Ms. Vourlis at attorney rates and 12.9 hours of work performed by Ms. Vourlis at paralegal rates.  Pet'r's Ex. 8 at 14, ECF No. 30-1.  On review of the billing record, the undersigned finds the number of hours expended reasonable.

### c. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner's costs consist

of court fees and the acquisition and mailing of medical records. *See* Pet'r's Ex. 15 at 1. The undersigned finds them to be reasonable and awards them in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $24,220.22,**[3] **in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Simina Vourlis, of Law Offices of Simina Vourlis.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).